All right, so Mr. Evans, you've reserved two minutes for rebuttal, so that gives you eight minutes to start. You may proceed. Thank you, Your Honor, and may it please the Court, William Evans for Petitioner. The Board's interpretation of the INA's conviction provision is not the best reading of the statute. As this Court put it in its prior opinion at page 93, without question, the Board treated minimal constitutional protections as both necessary and sufficient conditions for a criminal conviction under the INA. But the Board itself, at footnote five of its decision, all but admitted this reading is overbroad, because states can and do extend these minimal constitutional protections to non-criminal offenses, much as New Jersey has done for the disorderly persons offense at issue here. But despite that conceded overbreadth problem, the Board justified its reasoning as reasonable under Chevron. After Loper-Bright, that is not good enough. Under the best reading of the statute, determining whether there has been a conviction for a crime under the INA requires considering not just minimal constitutional protections, but also the jurisdiction's classification for the offense and the consequences that flow from a violation. Well, the consequences that flow from a violation here would be up to six months' imprisonment, right? That's correct, Your Honor. And so that sounds like a pretty good indication that this is a criminal conviction, right? I mean, you can't get imprisonment for non-criminal cases, can you? I actually, I don't think that under the test that we're suggesting that that would be a dispositive factor. I agree that some amount of jail time weighs on the ledger against us. But if you look at how the Ward test has been applied in case law, I mean, for example, take the Porter versus Coughlin case that we cited in our briefing, then Judge Sotomayor's opinion for this court, it involved a state disciplinary proceeding that ultimately sent a prisoner to multiple years, I believe it was five years, in a special housing unit, a distinct deprivation of liberty that is equivalent to or could be more severe than the normal, you know, general jail population that he was already committed to. The court nonetheless believed that the classification that the state had given was civil. It ran through the seven Kennedy factors that Ward at footnote seven says that the court has to run through. And it said that even though several of them pointed toward a criminal or punitive classification, ultimately a rational, non-criminal justification could be given for the classification in that one out. One of the board's concerns was that conduct that under the standard you're urging would be deemed civil in one jurisdiction would be deemed criminal in another. And that that could not have been what Congress intended when it spoke about conviction for a crime. Do you want to address why that should or should not trouble us here? Yes, Judge Rogge. I think I have two answers. One is that the board's own reading certainly doesn't address that problem. The board's reading, as this court said, concluded that both the necessary and sufficient conditions for finding a criminal conviction were simply what procedural protections. Well, I understand that you're saying basically that there are two requirements. There has to be a conviction and it has to be for a crime and that the board's analysis of the procedures go to the first more than to the second. I understand that that's your argument. But I'm wondering why we don't look for what the definition of a crime is generally, which is a punishable offense against the community, not simply a tort or a private wrong, something that the state itself, the Commonwealth itself punishes, usually with the potential for incarceration. And if that's what we've got and the state and there was also a requirement that all the procedures that usually go along with a criminal conviction had to be satisfied, why wouldn't we call it a crime? Well, I think that actually... Wherever it's committed and however the local jurisdiction denominates it. Well, I think actually the considerations that you're describing militate in favor of giving at least some deference to classifications. Well, before we apply it, let me ask you whether you agree that that's how we ought to look at it rather than just whether the locality denominates it a crime or not. Well, I don't fully agree that you should look at it without looking at the classification because actually I think that the reasoning that you're laying out favors considering the definitions of a crime. As we point at page 34 of our pre-remand opening brief, we quote some of those dictionary definitions. And as I think we can all agree, what they essentially point to is that crimes are to a certain degree tautological. They are a function of a jurisdiction with power to do so, classifying them as crimes. And that is why the Ward test, I think, works the way it does. I mean, Ward says that it is a matter of statutory construction that is from the opinion at 248 to 49 that you look to the jurisdiction's preference for a certain type of classification. And so I think that has to be part of the test. That's not obvious to me. I mean, if a jurisdiction called murder an offense and not a crime, you think that's dispositive? No, not at all. Not necessarily. I mean, it's a consideration. But I think there, I mean, for example, I would suspect that if a jurisdiction did that, you would probably see that, one, all the minimal procedural protections apply and that the possible punishable offense isn't, say, six months here, which isn't even at the, it is below the serious threshold for the jury right, et cetera. There might be, you know, it would be an automatic sentence of years of prison, et cetera. In other words, you could, under the test we're suggesting, there's flexibility to look at each of those considerations and come to a reasoned consideration. How do you think it comes out this way when we're talking about theft by deception? It's theft and fraud are traditionally crimes. Well, but fraud is also And here the state's willing to put you in jail for up to six months for it. So a couple of responses. Fraud is also, often gives rise to civil causes of action. There are civil purposes for imposing penalties. But how many civil cases put you in jail? How many civil offenses can put you in jail? Again, I mean, I mentioned the Porter case where up to But that's a person who's already in jail. This is just sort of putting them in a different part of the prison, right? So a couple other cases. So I have not found one where an amount of jail time then gets plugged into the ward test. Because, I mean, if states then just decided we won't call this a crime, we'll call it something else. And that way we won't have to give somebody a trial right or the other rights that come. To be clear, we still think for the criminal, for purposes of classifying this as a conviction for a crime, you still need what the board already said. It's just you need to look at more. You have to have the procedural protections, but you also have to consider the classification and the consequences that flow from it. But to get to the question about jail time, I mean, just to point to a couple other somewhat analogous cases. There's a case, Kansas v. Hendricks from the Supreme Court, that held that civil commitment under a Kansas statute for sexually dangerous persons, which ultimately could be indefinite commitment under the statute, reviewed yearly, passed muster as a civil classification. It in turn cites a case, Salerno, that says pretrial detention, which is only limited by the deadlines of the Speedy Trial Act. In other words, for a significant period of time, complete deprivation of liberty is a civil offense. Right, but those are not punishments. Those are – that's the whole point, right? I mean, they're comparable deprivations of liberty. I think saying that it's simply a punishment – But the statute talks about punishment, right? There's restraint on the alien's liberty. The definition of conviction talks about a judgment of guilt, some amount of process, and a deprivation of liberty as punishment. I don't think that the word punishment, say, appearing in the statute, is going to be dispositive. You have to factor in the deprivation of liberty. A civil commitment is punishment? I mean, I certainly think that there can be punitive or deterrent elements of civil commitment, but they've nonetheless been justified as rationally classifiable as civil. And I understand – if I can just finish part of the answer. In the rebuttal time, I would like to discuss with the court the fact that it seems like the court is suggesting, for example, that even under the test that we suggest, there may be issues about whether or not this ultimately is a conviction for a crime. The analysis that we've been discussing is not the analysis that the board applied. I think that at the very least, if the court is inclined to conclude that the statutory analysis that the board conducted was incorrect, but the outcome may ultimately still be that this is a conviction for – But I want to keep you with Judge Sullivan's point. Sure. I mean, if what the state is doing is punishing as opposed to coercing, as with some civil contempt, or depriving of liberty for a reason other than punishment, you might have an argument. But that's not this case, right? I mean, you're not arguing that this is a statute that does anything other than punish when it creates the possibility of an incarceratory sentence. I don't think that the statute necessarily has to be read as advancing purely a punitive rationale. I think that the penalty – Well, I mean, every criminal statute's punishment has rehabilitation purposes, et cetera, et cetera. But by and large – I mean, what purpose is the up to six-month sentence imposed for in this case that's not criminal? So, I mean, for example, looking at the Porter case, the special housing unit disciplinary case, as in that case, you could say there could be a punitive rationale for jail time for this provision, but there are also rational, non-punitive reasons for imposing penalties for this kind of conduct. For example, in the context of fraud by deception, promoting honesty, promoting respect for property rights, et cetera, that those are not purely punitive goals, and again, those have to be weighed as part of the analysis. But that's the case with every criminal sentence, that there's a general deterrence and a specific deterrence objective to the sentence. Okay. I think I understand your argument. Okay. Thank you. All right. Will you reserve two minutes for rebuttal? Yes. We'll now hear from Mr. Newell. Okay. You may proceed. Good afternoon. May it please the Court. My name is Craig Newell, and I'm here on behalf of the Attorney General. The Board's interpretation of the phrase formal judgment of guilt in the INA's definition of conviction as requiring a criminal proceeding in which the accused has afforded all the minimum constitutional protections in order to impose a criminal penalty, that's not just a reasonable reading of the statute, as this Court previously found, but also the best reading deserving of respect. Well, is it enough? I understand it as a conviction, but I don't understand it as to address what is a crime. I mean, a state might give all these protections for something that's not a crime. They might require it in actions between two individuals. My concern is with whether the agency, which did say at one point, if you'll bear with me, it acknowledged that the proceeding had to be one that was seeking to decide if someone had committed a crime, but it then doesn't talk about how you tell if something is a crime. It talks about how you tell if something is a conviction for a crime. I think it's where it says, it's on page 525 of that matter of long decision. The analysis should focus on whether the judgment exposes the accused to criminal penalties and whether the procedures used to arrive at that judgment conform to the minimum constitutional requirements. The Board's approach subsumes that there is a criminal penalty, one that is a restraint. But you think that was just assumed by the Board? Yes. The only way to impose criminal penalties, restraints on liberty, like this six-month prison sentence, is for there to be these minimum, these six constitutional requirements. You won't have one without the other. There's no need to get into the – But you do agree, Judge Walker, you do agree that a punishment or penalty is also part of the equation? Yes, Your Honor, I do. So that's in the statute. So it seems to me that this boils down to the question of whether there's – The BIA said that was necessary and sufficient in our first argument. Our first decision referred to necessary and sufficient. The other side apparently is saying necessary but not sufficient, and then they're adding the state classification to make it sufficient, apparently. And I would actually – it would help me if you could explain why the state's characterization is really not necessary. Yes, Your Honor, there's a number of reasons why the state's label is not necessary. It has a purpose to start the inquiry to see, if you look under state law, what constitutional procedures the proceeding requires. But the label introduces a lot of variance into the equation. That is against two fundamental tools that this court should use in construing this term. One is that this Supreme Court has consistently said that in the absence of a plain indication to the contrary, a federal – a phrase in the federal statute needs to have a federal meaning that's not dependent on state law. This court had – That argument is the vagary argument. In fact, it would differ in different jurisdictions if you'd have a patchwork of decisions turning on state labeling, which is not what Congress wanted, right? Correct, Your Honor. And when Congress – and then when Congress codified this definition of conviction in 1996, it took almost in its entirety the board's prior construction of it, except it removed this one factor in the deferred adjudication portion that added in too many vagaries because states were doing it very differently. It would seem implausible that Congress – they did this on purpose to take away the state vagaries in the deferred adjudication portion that they would also – but would somehow want it to be introduced into the formal judgment of guilt portion. And so that cuts against Mr. Wong's contention that the label should be used. I also think the United States v. Ward inquiry is just not the appropriate inquiry. It was developed for a different purpose. It was to answer a constitutional challenge. That's different than construing a meaning of a statutory term. When the Supreme Court does that, you know, it's trying to take an enduring but abstract constitutional principle and apply it to particular facts. And many times you get these multi-factor kind of analyses, and that would just not be an appropriate way to – or certainly not the best way to go about construing this statute. Well, there are cases, but not in this particular discrete area, in which the Supreme Court has said that you have a – if a federal statute wants to be governed by state law in some respect, it has to explicitly say so. And this statute does not do that. Yes, Your Honor. That is true. One of the firearms – some firearms legislation, I believe, and maybe tax or some other areas. I'm not sure. Yes, Your Honor. I – in one of – it may be in – one of the cases that I cited for that process, it may be Dickerson or the Holyfield versus the Mississippi Indian tribe. They referenced one case where it was. It was a tax case. It was a federal law that permitted states to apply their real property tax to certain government corporations. And it said that, you know, the state – this tax you may apply, the state or local or municipal tax may be applied.  So that would be what you would need, and that is clearly not what we have here. And that is why the board's reading is the best reading, and it has – and it also – the board did provide a very thorough and well-reasoned – that will be applied uniformly throughout this country to determine what is a conviction for immigration purposes. But, I mean, I think your interpretation of the board's reading is that it presumes, without expressly stating, that there is a punishment component or that this is a crime as that term would be defined. Yes, Your Honor. Because the board doesn't really say that. No. But it does say it by the fact that these are the protections that need to be – that need to be given to the defendant to impose a criminal penalty. Well, look, that's all true. But as Judge Radji said, that's also – I mean, the state could decide to bestow that type of protection for all sorts of things. But it wouldn't make it a crime, would it? If the state decided that in order to have someone civilly committed, you have to give them all the bells and whistles of procedure that you would for a criminal conviction, that would render it a crime? No, of course not, right? Right. You're right on that point. And I think what would happen in those circumstances is I think you would have a problem – there is a second step to all this. We're looking at whether the alien – the question of whether the alien is convicted of something, of this crime. The crime part does come in when we take that offense, that violation of law that they committed, and we're comparing it to all the – whatever listed crimes that's rendering them removable or ineligible for relief. That's where the crime inquiry is. In this case, it was whether theft by deception is a crime involving moral turpitude. So that's still part of the inquiry. And I don't think – The court is talking about differentiating between criminal adjudications under matter of El Salmazar and non-criminal proceedings. And all it basically says is that the existence of certain procedures make it criminal, which can't be right. And you're not even arguing that. I'm arguing that those procedures are – A necessary step. A necessary step. But not the end of the inquiry. I have another question, and that is you refer to the possibility that Skidmore deference is owed because it wasn't really directly affected by Roper. And I wonder about that. It's sort of deference light, isn't it? In other words, it would be considered for its persuasiveness. Is that what you're saying? Yes, Your Honor. If so, and I agree that that is a possible interpretation. But if that's so, how does that differ from just normal adjudication, de novo adjudication by us? Because we look at all the precedents. We would look at maybe what the agency said for its persuasive value. We might look at other circuits. We might even look at state court when it's in state courts when there are persuasive decisions and so forth. What is the daylight between Skidmore and de novo? I think the only daylight is when you have de novo review and there's no agency interpretation. I think the agency is, Your Honor, the way you described it is how I view it. It's very much like if this court were to read a precedential decision from another circuit about this same issue or an unprecedented or a non-precedential decision from this court that previously. It's just whether it's persuasive or not. You don't have to turn a blind eye to a reasoned persuasive decision by anybody. Right, right. You don't have to accept it. You don't have to reject it. You can take parts of it that you like and parts that you don't like. Don't we run a risk, if we were to agree with you here, that if we relied on Skidmore, might that not be sort of muddying the waters of Roper to some extent by saying that, well, there's no Chevron deference, but there's sort of deference light. And then that just wouldn't seem to invite trouble if, in fact, you come out the same way with normal adjudication. I, I, I view Skidmore as my reading of how the Supreme Court discussed in Loper as a plus factor. It is that we are asking this court to do standard use standard tools of statutory interpretation that that. Well, I mean, the way you just the way you just described it doesn't sound like deference at all. It's not that the Supreme Court referred to it as respect. It's something to certainly be considered. And and when it's thorough and persuasive as it is here, the court should take that into consideration. But again, how would that differ from any other precedent, really, if we were going to that we were going to rely on? How is that your honor? How does that differ? I mean, respect is is the name of the game in this whole business of judging. And that, you know, we would respect other circuits. We'd respect that are not binding on us. It's so I suppose that's I'm just wondering whether Skidmore maybe invites a problem if we were to depend upon Skidmore somehow. If you're if your honor has a concern about Skidmore, it does not need to get there. We have we have clear congressional intent for a uniform definition, a uniform approach, a federal approach that relying on federal constitutional rights that all criminal defendants are required to have provides that. Your Honor, do we do we consider it all, whether the conduct and the elements that the state proves for a particular offense, whether whether it's viewed as criminal under common law. I mean, in other contexts, the Supreme Court has wanted to look at whether something is recognized as as a crime of common law. Does that have any role to play here? I don't think so, Your Honor, because if I'm understanding your question, I I think this is unlike when a statute is using a common law term and then we look to the common law. I think the problem of developing some definition for crime is that it's just, you know, there are your malum per se and your malum prohibitive. And it's hard to get a clear general definition that we could then apply that wouldn't need further constraint. And that's why if you look at these procedural protections that are required for a criminal punishment, you are getting a more clear and direct result. Thank you. All right. Thank you, Mr. Newell. We'll now hear from Mr. Evans for two minutes of rebuttal. So, first, I think I heard my friend from the government concede that procedural protections cannot be both the necessary and sufficient condition for finding a criminal conviction. That should be the end of the board's statutory construction in this case. The only question is what happens next. And I think at a minimum, there needs to be a remand to the board. Why? Well, what is the board going to do that we can't do right now? Well, because ordinarily, doctrinally, under Chenery, if the board relies on an incorrect reading of the law, the court remands for the board to apply the proper construction of the statute. We've cited the Lynn case from this court, the NACS case from the D.C. Circuit. So, wait, I just want to be clear on this. So, we're going to decide, we're going to interpret the statute. No, I guess we're not going to interpret the statute. We're just going to say the board didn't get it quite right. We're going to ask them to go back, take another crack at it, and then we'll then decide whether they got it quite right the next time under Chenery, and we'll just keep doing this? No, I think it's somewhat different. I think that the court can, for example, say, one, the board clearly got its construction of the statute wrong here. Two, this is the construction of the proper construction of the statute. I'm not sure I see where the board's error is. The board stated that a judgment in a criminal proceeding is a trial or other proceeding whose purpose, and I'll put a one in there, is to determine whether the accused committed a crime. That's the first question. And two, the proceeding has to provide the constitutional safeguards normally attended upon a criminal adjudication. Now, I agree that the board spoke mostly to the second, but your adversary suggests that's because the first was assumed, that it was the accused was being determined to have committed a crime. Now, if you want to argue to us that this was not a crime, I understand your argument to be because the state says it's not. But I don't understand the board not to have recognized that there was this two-part inquiry. I disagree, Judge Aragi. If you look at, for example, my friend pointed to page 525, where the board fleetingly in one clause talks about whether or not the- I'm sorry, I didn't hear you, so I'm not sure what it is you're suggesting I look at. On 525, the colloquy about the moment in 525 when it talks about exposures to criminal penalties, I mean, all of that, and I believe the language that you're talking about, is not part of the actual final test that the board developed. It comes in the paragraph before that at the end of a section that's titled necessary and sufficient conditions. I'm reading from the very first paragraph of the discussion section, where it seems to me that the board lays out general principles. Then it goes on to discuss any number of matters. And as I said, I agree that it focused mostly on procedure. I raise this because you said if the board is misapplying the law, and I questioned whether I could reach that conclusion, given its recognition that the proceeding it was now about to discuss, the purpose of it had to be to determine whether the accused committed a crime. I don't think that that was ultimately material to the board's analysis. If you look, for example, look at the very beginning on 518, at the very first paragraph of the opinion, the last two sentences. If a proceeding does not afford defendants all of the constitutionally required rights for criminal procedure, it cannot produce a conviction for immigration purposes. If the proceeding does afford defendants those rights, then a judgment of guilt in that proceeding constitutes a conviction under the act. Right, because that's how we know that what was procured was a conviction. That doesn't tell us whether it was a crime or not. I don't. To the extent that I agree that there needs to be a distinction between the term conviction and the term crime for purposes of the interplay between 1101 and 1227 here, I believe that what you're saying, I mean, it is an intelligent attempt to piece together some of the language from the board's opinion, but the board clearly did not elaborate a standard for what a crime is separate from a conviction in its opinion. And under ordinary principles of administrative law, this court cannot backfill that reasoning. No. Why? We're now interpreting the statute, de novo, right? And we're looking at whatever non-deferential persuasive point arguments that can be made. So why would we want to send it back to the board when we're reviewing the board's decision? You know, this is like reviewing a, it's not like a usual case where we just, where we might want to send it back because of something incomplete that the board did. The board did complete their decision. They ruled. They stated what they thought the law was. And now we're reviewing that. Right. And what I'm saying is that if you believe that the test that the board developed was incorrect, then the ordinary course under Chenery is to vacate, articulate the proper, in other words, articulate the proper test under the statute for a conviction for a crime and remand to the board to apply that test. Is there any argument that could be made if we articulate a test like the one we've been toying with here that your client would be able to make that would prevent the inevitable conclusion that this is a conviction that is deportable? For example, if you adopt the, and I don't see much distance between what the court's been discussing and what we've briefed as the test under Ward combined with the procedures that the board discussed, I believe that it would at least be a complicated question running through the full test, the seven factors that are required under Ward, et cetera. And I think it would benefit from full briefing and a reasoned decision from the agency that this court could then review and either bless or disagree with definitively. Again, that is the ordinary course under Chenery. The board made its first decision. It knew nothing about, you know, the matter of Chevron deference was off in the future. It had nothing to do with deference. So now the Supreme Court has said we can't use Chevron deference, but we still are faced with the same calculus that the board had. And we're asking them to go back and reinvent and restate what they said before when we're the ones who actually have to determine it. And it's a question de novo. No, I think it's just. Why go through that exercise? So a couple things. I think there's a difference between articulating what the test is required for conviction for a crime under the statute and its application in the first instance to this particular. Let me pick up on that. Sure. Part D of the board's decision, it takes up your argument that the offenses are not crimes as defined by state law. And it says that the correct analysis should focus on whether the judgment exposes the accused to criminal penalties. That's one. And whether the procedure used to arrive at that judgment conforms to the minimum constitutional requirements. That's two. So it looks to me like the board was saying whether the judgment exposes the accused to criminal penalties, which is what we've been talking to you about, the fact that this conviction exposed the defendant to up to six months in jail. That fact, that that's the kind of penalty the state puts on it, and then that the procedures are those that the Constitution requires, those are the two things that made it determine this was a crime. So, Judge Raji, if you actually go on from there in the board's analysis, the board never gives any meaning to that suggestion. I'm sorry, never is? Never gives any analysis to the exposure to criminal penalties. On the next page, the only time when the possibility... Well, it goes on in the next paragraph to deal with your argument that, well, it was only limited to six months, and it points out that that is not determinative. So I'm not sure that they do ignore that. Judge Raji, with respect, the only analysis that the board gives of the six-month portion possibility of the sentence there is to simply say that that's why the jury right doesn't apply. Well, let me ask you. If we were to conclude that action that exposes a defendant to an incarceratory sentence under circumstances where he has to be afforded the constitutional rights enumerated here, what more is the board going to do on remand? I think... It's made those two findings. I don't think that it's made the findings with respect to penalties, respectfully. I think that even if you believe that there is very little chance that there could be a difference in the outcome if you send it back to the board with a newly articulated standard, one, doctrinally, that is the proper approach. Two, there are serious practical upshots to doing this. This is a precedential decision of the BIA. If this court denies this petition while also articulating an entirely new statutory test, that leaves a precedential decision of the board on the books that is binding on all IJs across the country with the wrong reading of the statute except in this circuit. That is how it works. If this court does not vacate the opinion, then this opinion is binding precedent outside of the Second Circuit and arguably not the Eighth and Tenth Circuits because they've adopted the proof beyond a reasonable doubt standard for this analysis. So in other words, I think that there is significant practical purposes to vacating and even if it is a quite limited remand, remanding for the board to finish the work under the proper reading of the statute. All right. Well, thank you both. Well argued. We will reserve decision not too long, hopefully.